UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:16 CR 426 CDP (JMB) |
| | ) | |
| GUSTAVO ALVAREZ-ANGELES, | ) | Defendant No. 8 |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM, RECOMMENDATION, AND
ORDER OF UNITED STATES MAGISTRATE JUDGE**[1]

Currently before the Court are two pretrial motions filed by Defendant Gustavo Alvarez-Angeles ("Alvarez-Angeles"), namely: (1) a Motion to Dismiss the Indictment (ECF No. 1236); and (2) a Motion for a Bill of Particulars (ECF No. 1240).[2] The government opposes both motions. (ECF No. 1280)

**RELEVANT PRODECURAL BACKGROUND**

On September 28, 2016, the Grand Jury returned a multi-count indictment alleging, among other violations, a large-scale methamphetamine trafficking conspiracy involving 39 named defendants. On October 12, 2016, the Grand Jury returned a superseding indictment which added three more defendants. Alvarez-Angeles is number 8 defendant and is charged with one count of conspiracy to distribute and possession with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. Alvarez-Angeles was

---

[1] Pretrial matters have been referred to the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(b).

[2] Alvarez-Angeles also filed a motion to suppress the seizure of firearms (ECF No. 1238), which was later withdrawn (ECF No. 1441).

-1-

arrested on October 4, 2016, and had his initial appearance before the undersigned on the same day.  Alvarez-Angeles was arraigned on October 31, 2016.

On October 5, 2016, the Court appointed Edward Fehlig, a Spanish-speaking lawyer, to represent Alvarez-Angeles.  On October 24, 2016, the undersigned issued a Scheduling Order which designated this matter a complex case within the meaning of the Speedy Trial Act, and set a status conference for December 15, 2016.  (ECF No. 372)  One of the purposes of the status conference was to set a "definitive schedule for the filing and consideration of pretrial motions." (Id.)  Between October 24, 2016, and December 14, 2016, the government filed three detailed notices that outlined the arguably suppressible evidence in the case.  (ECF Nos. 371, 447, 642)

Alvarez-Angeles's attorney was present at the December 15, 2016, status conference, which was conducted with attorneys only.  (ECF No. 644-1)  At the status conference, the undersigned discussed issues and scheduling matters concerning discovery, case budgeting, and pretrial motions.  The undersigned proposed scheduling pretrial motions in three phases—(1) legal motions addressing the sufficiency of the indictment; (2) motions challenging electronic surveillance, including wiretap evidence; and (3) any remaining suppression motions or severance motions.  There was no disagreement voiced regarding a phased pretrial motions schedule.

On December 20, 2016, the undersigned issued a Scheduling Order consistent with the December 15, 2016, status conference.  The December 20, 2016, Scheduling Order directed that "legal motions with respect to the sufficiency of the indictment, including any motions to dismiss, must be filed by **February 1, 2017**."  (ECF No. 650 at 3, emphasis in original)  The Scheduling Order further provided that the failure to file timely motions "may be considered a waiver of the right of a party to make such motions or requests, as set out in Fed. R. Crim. P.

12(c)(3)." (Id., emphasis in original) The December 20, 2016, Scheduling Order set a later deadline for filing "motions directed at wiretap matters or other electronic surveillance," and deferred setting a deadline for any motions to suppress evidence or statements and motions to sever. (Id. at 4)

The February 1, 2017, deadline for filing motions directed to the sufficiency of the indictment passed without any party filing any such motions or requesting any extension of time. Accordingly, on February 10, 2017, the undersigned issued a "Scheduling Order and Waiver of Legal Motions Directed to the Sufficiency of Superseding Indictment." (ECF No. 777) In the February 10th Order, the undersigned found that each defendant had waived his or her right file legal motions pertaining to the sufficiency of the indictment, including any motions to dismiss. (Id. at 1) The February 10th Order set a March 10, 2017, deadline for filing motions directed to wiretap and electronic surveillance matters, and again deferred setting a deadline for any motions to suppress evidence or statements and motions to sever. (Id. at 2)

On January 23, 2017, the Court received a pro se letter from Alvarez-Angeles, which was filed under seal and provided to counsel. (ECF No. 709) Generally speaking, Alvarez-Angeles's letter conveyed some concerns Alvarez-Angeles had regarding communications with his attorney. On February 6, 2017, Mr. Fehlig, Alvarez-Angeles's court-appointed attorney, moved to withdraw from his representation of Alvarez-Angeles. On February 13, 2017, after conducting a hearing, the undersigned granted Mr. Fehlig's the motion to withdraw. Alvarez-Angeles, counsel for both parties, and an interpreter were present for the hearing. Prior to granting the motion to withdraw, the undersigned confirmed with Alvarez-Angeles that he wanted a new attorney and he did not object to Mr. Fehlig's motion to withdraw. The undersigned fully advised Alvarez-Angeles that the schedule in the matter would not be adjusted

to account for the appointment of new counsel.  At the conclusion of the February 13th hearing, the undersigned appointed Douglas Roller to represent Alvarez-Angeles.  Mr. Roller was present in Court and made aware of the Court's pretrial motion schedule, including the fact that the deadline for filing motions challenging the sufficiency of the Indictment had already passed.  Mr. Roller asked for and was given the leave to file a motion to re-open the deadline for filing legal motions challenging the indictment.

After addressing certain wiretap motions,[3] on June 27, 2017, the undersigned issued a Scheduling Order for the remaining pretrial motions, namely motions to suppress evidence or statements, and severance motions, and directed that any remaining motions be filed by August 2, 2017.  (ECF No. 1088)  On August 1, 2017, Alvarez-Angeles filed a motion for additional time to file any remaining motions or to file a waiver or such motions, which the Court granted.  (ECF No. 1171)  Alvarez-Angeles was given until August 9, 2017, to file any remaining pretrial motions.  On August 9, 2017, Alvarez-Angeles filed the motions at issue herein.

On October 16, 2017, after several continuances requested by the defense, the undersigned held a hearing at which time the parties argued the pending motions.

## DISCUSSION OF ISSUES PRESENTED

**I.     Timeliness**

The government contends that Alvarez-Angeles's motions are untimely.  Although Alvarez-Angeles received new counsel after the February 1, 2017, deadline for filing legal motions directed at the indictment, the undersigned has reviewed the record from the February 13, 2017, hearing, and the hearing left open the possibility that Alvarez-Angeles might seek to

---

[3] Alvarez-Angeles did not challenge any wiretap evidence by way of pretrial motion.

re-open the deadline.  Alvarez-Angeles did not file any motion to re-open the deadline.  Thus, the government is technically correct—Alvarez-Angeles's motions are untimely.

Rule 12 of the Federal Rules of Criminal Procedure identifies several categories of motions that must be filed before trial, including motions challenging the specificity of an indictment.  See Fed. R. Crim. P. 12(b)(3)(B)(iii).  Rule 12 further provides that "[t]he court may, at arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions ….  If the court does not set one, the deadline is the start of trial."  Fed. R. Crim. P. 12(c)(1).  Furthermore, Fed. R. Crim. P. 7(f) provides that a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."

As explained above, this is a complex case.  As such, the undersigned established a detailed schedule for the filing of all relevant pretrial motions.  The schedule was set as soon as practicable and after consulting with all of the lawyers involved in this case.  No party objected to the schedule set in this matter.  Additionally, the undersigned specifically advised Alvarez-Angeles that he was not going to receive any schedule relief due to the fact that he changed counsel, and Alvarez-Angeles confirmed that he wanted new counsel despite the potential schedule handicap that would result.

Rule 12(c)(3) makes clear that, when "a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause."  See also United States v. Hardison, 859 F.3d 585, 589 n.5 (8th Cir. 2017) (explaining that, under Fed, R. Crim. P. 12(c)(3), a district court may refuse to consider an untimely pretrial motion but may still consider it for good cause); United States v. Boykin, 794 F.3d 939, 944 (8th Cir. 2015) (discussing challenges to the sufficiency of an indictment, which must be raised before trial, and claims that an indictment fails to state an

-5-

offense, which "a defendant may raise at any time") (citing Fed. R. Crim. P. 12(b)(2) and <u>United States v. Villarreal</u>, 707 F.3d 942, 957 (8th Cir. 2013)).

At oral argument, defense counsel explained in detail why he did not file the instant motions sooner, focusing on confusion caused by the change in lawyers. In particular, Alvarez-Angeles notified the Court of his dissatisfaction with his prior attorney shortly before the February 1, 2017, deadline. Counsel explained that the timing made it impracticable for prior counsel to file any motions and impossible for current counsel to meet the deadline. The undersigned agrees that the record and timing concerning Alvarez-Angeles's situation are unique and involve circumstances that do not apply to any other co-defendant. Due to the timing concerning the change in lawyers, the undersigned finds good cause, with respect to defendant Alvarez-Angeles only,to excuse the late filing of the instant motions. <u>See</u> Fed. R. Crim. P. 12(c)(3).

## II. **Merits Analysis**

On the merits, the undersigned concludes that Alvarez-Angeles is not entitled to any relief.

### A. **Sufficiency of the Indictment**

Regarding the sufficiency of the superseding indictment, Alvarez-Angeles argues that the superseding indictment does not include any specific facts regarding his alleged conduct. In particular, Alvarez-Angeles notes that the alleged conduct of many of his co-defendants is spelled out more specifically, but he is mentioned only generally in two paragraphs. Paragraph 9 alleges that Alvarez-Angeles "collected drug proceeds, maintained a location at which controlled substances were stored (commonly referred to as a "stash house"), and served as a distributor for

-6-

the conspiracy." Paragraph 83 alleges that Alvarez-Angeles "possessed one or more firearms in furtherance of a drug trafficking crime."[4]

"An indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Huggans, 650 F.3d 1210, 1217 (8th Cir. 2011) (citation and quotations omitted), cert. denied, 565 U.S. 1202 (2012); see also Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988). Moreover, "[a]n indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." Huggans, 650 F.3d at 1217 (citation and quotations omitted). In the context of a drug trafficking conspiracy, the Eighth Circuit has explained that "an indictment provides sufficient specific facts constituting the offense if it apprises the defendant of the time frame of the alleged drug conspiracy and the type of drugs involved." Id. at 1218 (citation and quotations omitted). The superseding indictment in this case satisfies this standard.

Alvarez-Angeles is one of 42 defendants charged in Count I of the superseding indictment. Count I alleges a vast methamphetamine trafficking conspiracy, in violation of 21 U.S.C. § 846. There is no meaningful contention that Count I lacks any essential element.[5] Furthermore, Count I identifies a time frame spanning from December 2014 until August 2016,

---

[4] The superseding indictment does not include a separate count charging Alvarez-Angeles with a violation of 18 U.S.C. § 924(c).

[5] "The elements of a conspiracy to distribute a controlled substance under 21 U.S.C. § 846 are '(1) that there was a conspiracy, i.e., an agreement to distribute the drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally joined the conspiracy.'" United States v. Keys, 721 F.3d 512, 519 (8th Cir. 2013) (quoting United States v. Jiminez, 487 F.3d 1140, 1146 (8th Cir. 2007)), cert. denied, 134 S. Ct. 1011 (2014).

and includes 88 separately numbered paragraphs outlining the manner and means of the drug trafficking conspiracy. Alvarez-Angeles's participation in the conspiracy is alleged in paragraphs 9 and 83. Paragraph 9 specifies that Alvarez-Angeles collected proceeds and maintained a stash house. Alvarez-Angeles is not left to merely guess what the government's theory is, as it pertains to him. Alvarez-Angeles is not entitled to any relief simply because the government included more detailed acts in furtherance, which specifically identified some co-defendants but not him. Such additional allegations are not required to charge a drug trafficking conspiracy under 21 U.S.C. § 846. See United States v. Shabani, 513 U.S. 10, 17 (1994).

Count I provides sufficient facts to charge a drug trafficking conspiracy, to allege Alvarez-Angeles's involvement in that conspiracy, to allow Alvarez-Angeles to prepare a defense, and to permit Alvarez-Angeles to plead double jeopardy to any future prosecution based on the same crime. As outlined in Huggans, the Eighth Circuit has approved indictments with far less specificity and detail than that included in Count I of the superseding indictment.

For the foregoing reasons, the undersigned recommends that Alvarez-Angeles's Motion to Dismiss be denied.

### B. Bill of Particulars

Alvarez-Angeles's request for a bill of particulars is denied on the merits. "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." Huggans, 650 F.3d at 1220 (citation and quotations omitted); see also United States v. Bowie, 618 F.3d 802, 817 (8th Cir. 2010) (citation omitted). Yet a defendant is not entitled to use a motion for a bill of particulars as a means of forcing the government to disclose its trial evidence. Huggans, 650 F.3d at 1220.

As outlined above, the Count I of the superseding indictment alleges a vast methamphetamine trafficking conspiracy in considerable detail, including dozens of paragraphs that include dates, times, participants, and events.  Further, the record in this case makes abundantly clear that the government has supplied extensive, well-organized discovery to the defendants in this matter.  (See ECF Nos. 371, 447, 642)

Despite the detailed Indictment and extensive discovery, at the October 16, 2017, hearing, Alvarez-Angeles argued that his case is unique and he needs more information to prepare his defense.

Defendant is no doubt correct that the superseding indictment includes little in the way of specific allegations to notify him of the particular evidence that may be used against him at trial. In response, the government explained that much of the evidence regarding the conspiracy will consist of witness testimony.  Therefore, the discovery standards of the Jencks Act, 18 U.S.C. § 3500, apply.  Under the Jencks Act, "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."  Id. at 3500(b); see also United States v. Beckman, 787 F.3d 466, 493 (8th Cir.), cert. denied, 136 S. Ct. 160 (2015).  Accordingly, the government's obligations under the Jencks Act have not yet been triggered.  "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so."  United States v. White, 750 F.2d 726, 729 (8th Cir. 1984); see also United States v. Wilson, 102 F.3d 968, 971-72 (8th Cir. 1996).  The government has represented to the Court that it intends to follow its

routine practice of disclosing Jencks Act material the Friday before trial begins to avoid unnecessary delays.[6]

On the record before the Court, the undersigned concludes that Alvarez-Angeles is not entitled to a bill of particulars.

### RECOMMENDATION AND ORDER

Accordingly,

**IT IS HEREBY RECOMMENDED** that Alvarez-Angeles's Motion to Dismiss (ECF Nos. 1236) be **DENIED**.

**IT IS FURTHER ORDERED** that Alvarez-Angeles's Motion for a Bill of Particulars (ECF No. 1240) be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to this Memorandum, Order, and Recommendation, unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); see also 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a).

This matter is set for trial on Monday, January 29, 2018, at 8:30 a.m., before the Honorable Catherine D. Perry, United States District Judge.

/s/ ***John M. Bodenhausen***
UNITED STATES MAGISTRATE JUDGE

Dated this   24th   day of  October , 2017

---

[6] The government is obligated to turn over exculpatory and impeachment evidence pursuant to the standards established in Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and the cases interpreting and implementing those standards. Alvarez-Angeles's Motion for Bill of Particulars does not raise any Brady or Giglio concerns.