UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:16 CR 426 CDP-8 |
| | ) | |
| GUSTAVO ALVAREZ-ANGELES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on defendant Gustavo Alvarez-Angeles's Motion to Dismiss the Indictment and Motion for a Bill of Particulars. Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge John M. Bodenhausen. Judge Bodenhausen recommended denying the defendant's motions. Defendant filed objections to the recommendation regarding the Motion for Bill of Particulars, but does not object to the recommendation regarding the Motion to Dismiss.

Defendant Alvarez-Angeles is one of 42 defendants named in the Superseding Indictment in this case. He is charged in Count I with conspiracy to distribute more than 50 grams of actual methamphetamine. The only specific allegations about what he is alleged to have done are in two paragraphs. Paragraph 9 alleges that he

"collected drug proceeds, maintained a location at which controlled substances were stored (commonly referred to as a 'stash house'), and served as a distributor for the conspiracy." In Paragraph 83 the indictment alleges that he "possessed one or more firearms in furtherance of a drug trafficking crime."

Defendant argues that these allegations are insufficient to allow him to prepare a defense. He requests that the government be required to provide, at a minimum, the time period he is alleged to have been involved in the conspiracy, the identities of other people with whom he allegedly conducted transactions involving drugs or drug money, and the location of any stash houses he is alleged to have maintained.

In response to his motions, the Government argues that the indictment provides sufficient allegations about the participants in the conspiracy, and provides some detail about defendant. The government also points out that it has produced extensive discovery, which contains much of the information defendant now seeks. It also appears that much of the evidence the government expects to present against this defendant will be by witness testimony, and the government is not required to present previous statements of its witnesses in advance of the time limits of the Jencks Act, 18 U.S.C. § 3500. As is the normal practice in this District, the government indicates that it will produce Jencks material the Friday before trial begins.

I conclude that the defendant is not entitled to a Bill of Particulars. The government has provided all it is required to provide under the law and the defendant has obtained, through the discovery that has been produced, all that is required to prepare a defense. The government is not required to outline the trial and tell defendant specifically what evidence it intends to present against him at trial.

I have conducted *de novo* review of the Motion and agree with the analysis of Judge Bodenhausen. I will adopt and sustain the thorough reasoning of Magistrate Judge Bodenhausen set forth in support of his recommended rulings issued on November 7, 2017.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [1545] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss the Indictment [1236] and his Motion for a Bill of Particulars [1240] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2017.